NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

NELLIE KISH, PETITIONER, v. CHIPMAN CHEMICAL EN-
GINEERING COMPANY, INCORPORATED, RESPONDENT.

\* \* \* \* \* \* \*

There being no dispute concerning the happening of the accident, which resulted in the death of the petitioner's husband on December 17th, 1927, and it being admitted by the respondent that said accident happened out of and during the course of employment, and the parties thereto and their respective counsel having agreed on the foregoing:

I do find and determine as follows:

The petitioner is the widow of one John A. Kish, who during his lifetime resided on Jersey avenue, in the city of New Brunswick, and was employed by the respondent at its plant in Middlesex borough, Bound Brook, New Jersey, in the capacity of watchman and fireman in said plant. At the time of the death of Kish, he left him surviving a wife, the petitioner, six children and a father. One of the children, Mary Kish, was engaged as a telephone operator in the city of Newark, with whom the petitioner resided. Elizabeth Kish, a minor, thirteen years of age, and Margaret Kish, a minor, ten years of age, also resided with them. The decedent resided in New Brunswick and with him lived John Kish, his son, seventeen years of age, and his daughter, Helen Kish, about twenty years of age, and the decedent's father, John Kish, Sr., a man seventy-two years of age, who depended upon the decedent for his support. The decedent worked seven days a week and earned $33.60 during such period.

The main point in issue in this cause was whether the said petitioner, Nellie Kish, and her two minor children, Elizabeth and Margaret, were dependent upon the decedent for support at the time of his death, and whether they are entitled to participate as dependents in any award that may be granted in this case. The respondent, at the time of the trial, admitted the dependency of the aged father upon his son, the decedent, for support at the time of his death. The Workmen's Compensation act provides, by section 2, placitum 12 "A" to "G," inclusive, amended 1927 edition, as follows:

"In case of death, compensation shall be computed, but not distributed, on the following basis:

"(a) For one dependent, thirty-five per centum of wages.

"(b) For two dependents, forty per centum of wages.

"(c) For three dependents, forty-five per centum of wages.

"(d) For four dependents, fifty per centum of wages.

"(e) For five dependents, fifty-five per centum of wages.

"(f) For six or more dependents, sixty per centum of wages.

"(g) The term 'dependents' shall apply to and include any or all of the following who are dependent upon the deceased at the time of accident or death, namely: Husband, wife, parents, step-parents, grandparents, children, step-children, grandchildren, child in *esse,* posthumous child, illegitimate children, brothers, sisters, half brothers, half sisters, niece, nephew. Legally adopted children shall, in every particular, be considered as natural children; provided, however, that dependency shall be conclusively presumed, as to the decedent's widow and natural children under sixteen years of age who were actually a part of the decedent's household at the time of his death. Every provision of this act applying to one class shall be equally applicable to the other. Should any dependent of a deceased employe die during the period covered by such weekly payments, or should the widow of the deceased employe remarry during such period, the right of such dependent or such widow to compensation under this section shall cease. It is further provided that the foregoing schedule applies only to persons

wholly dependent, and that in the case of persons only partially dependent, except in the case of the widow and children, who were actually a part of the decedent's household at the time of his death, the compensation shall be such proportion of the scheduled percentage as the amount actually contributed to them by the deceased for their support constituted of his total wages and the provision as to an eight-dollar minimum shall not apply to such compensation. In determining the number of dependents, where the deceased employe was a minor, the number of persons dependent upon said deceased employe shall be determined in the same way as if said deceased employe were an adult, notwithstanding any rule of law as to the person entitled to a minor's wages."

It is to be noted that the statute provides that dependency should be conclusively presumed as to dependent's widow and natural children under sixteen years of age who were part of decedent's household at the time of his death. Although the widow in this case and the minor children under the age of sixteen years were not members of decedent's household during his lifetime, still they come within the category of dependents by virtue of the fact that the statute defines dependents as "all of those [hereinabove specifically mentioned] who are dependent upon the deceased at the time of his death." The fact that the decedent and his wife were living separate and apart does not preclude her from recovering as to one of his dependents. *Schmid* v. *Stanton Forging Co.,* 6 *N. J. Adv. R.* 1129, which was *certioraried* to the Supreme Court, contains the following facts and opinion:

"The decedent deserted his wife, the petitioner, and then she went to live with her oldest son, with whom she resided for sometime. The petitioner, shortly after the separation, took legal proceedings in the courts of Burks county, Pennsylvania, and as a result thereof, an order was made for petitioner's support by the court, requiring the decedent to pay her $10 per week for the support of herself and a son. The court in that case considered the following question as the sole question for solution: 'Did the amendment [*Pamph. L.* 1923, *p.* 101] so change the act as to take the petitioner and

widow out of the class of total dependents and place her in the class of partial dependents?' If so, the meaning of the statute must be clear and unequivocal, because the Workmen's Compensation statute is a remedial law of prime import. It should be liberally and broadly construed. *Mayor, &c., of Jersey City* v. *Borst,* 90 *N. J. L.* 454; 101 *Atl. Rep.* 1033. The court continued with the following reasoning: It may be conceded that the statute is somewhat vague. The prosecutor's contention is based primarily upon the fact that the amount of compensation which the widow received under the order of the Pennsylvania court determines her status, as a total or partial dependent; this is manifestly unsound, because as a wife she does not necessarily cease to be wholly, *i. e.,* legally dependent on her husband simply because he refuses or fails to perform his entire marital obligations as a husband. It would be quite different if it appeared that the wife voluntarily asserted and definitely maintained her complete independence of her husband. A critical examination of the statute reveals the fact that it does not attempt to define what either 'total' or 'partial' dependency may be. No standard is set up from which the meaning of these words may be determined as used in the statute. The prosecutor in the case attempted to make the statute read: 'A widow is partially dependent if she is not actually a part of the decedent's household at the time of his death.' If this was the intention of the legislature, it should have said, and probably would have said so, in express and unequivocal language. If the petitioner is an actual dependent, she must in law be a total dependent. The degree of dependency, as a fact, ought not to be fixed by the ability of her husband to avoid the discharge of his legal obligations under this statute. She is, therefore, either a complete wife totally dependent, or no wife at all and not dependent at all. So far as her rights under the statute are concerned, her actual dependency is based on her legal dependency plus her assertion of such legal dependency. It certainly cannot depend upon the amount a court chooses to give her or her husband chooses to pay her, even though she is not actually a part of decedent's house-

hold at the time of his death. The Pennsylvania court in granting the above $10 a week for her support did not say there she was a partial dependent. The court, therefore, dismissed the writ of *certiorari* and affirmed the award of the compensation bureau in favor af the petitioner Schmid."

In the instant case it is my opinion and belief that the petitioner is in a somewhat similar position, as the petitioner in the Schmid case. In the instant case there was testimony to the effect that the petitioner had left her husband after some disagreement between them; that sometime afterwards her children had come to live with her and for several years the decedent had contributed small sums to the petitioner and her children; that he had at times visited them in their home in Newark, New Jersey, and had bought them food and clothing. As regards the children, therefore, considering the reasoning of Mr. Justice Black in the Schmid case, the minor children are in every respect dependents on the decedent, as they, who have no will or say in the relations between husband and wife, surely cannot be placed in a position of a wife who voluntarily leaves her husband and maintains a complete independence. Certainly, children, innocent victims of circumstances, are not legally bound by disputes between husband and wife. The children were at all times dependent for food and clothing upon the decedent, and the decedent was at all times obligated by law to support and provide for them. There is no doubt that the decedent did contribute small sums from time to time during the period husband and wife were living separately, for the support of the wife and minor children. The wife, therefore, may not be placed in the category of being either wholly dependent upon her husband nor completely independent of him. Following the reasoning of the Schmid case, however, it may be said that she is in a position somewhere between that of a wife who voluntarily asserts her independence to the exclusion of her husband, and a wife who is entirely dependent upon her husband for support. Although the dependency of the aged father, John Kish, Sr., was admitted by respondent and the two minor children may be classed as total dependents,

the wife, however, cannot be classed as a total dependent, but may be classed as partially dependent upon her husband, so as to entitle her to limited benefits.

The act in regard to distribution of compensation in paragraph "H" of placitum 12, section 2, reads as follows: "Compensation shall be computed upon the foregoing basis [referring to paragraphs 'A' to 'G,' inclusive]. Distribution shall be made among dependents, if more than one, according to the order of the workmen's compensation bureau, which shall, when applied to for that purpose, determine upon the facts being presented to it, the proportion to be paid to or on behalf of each dependent according to the relative dependency. Payment on behalf of infants shall be made to the surviving parent, if any, or to the statutory or testamentary guardian." In view of this paragraph, I have seen fit to make distribution as set forth in the order following:

It is, therefore, ordered that compensation be paid as follows: For the benefit of the decedent's father, wife and his daughters, Elizabeth and Margaret, compensation at the rate of forty-six and one-fourth per cent. of decedent's weekly wage of $33.60, amounting to $15.54, covering the period from the date of the accident to April 30th, 1930, a period of one hundred and twenty-three and four-sevenths weeks, at which time the infant daughter, Elizabeth Kish, will reach the age of sixteen years; thereafter, for the benefit of the father, wife and Margaret Kish, compensation shall be paid at the rate of forty-one and one-fourth per cent. of decedent's weekly wage of $33.60, amounting to $13.86, for a period of one hundred and fifty-three and five-sevenths weeks, until April 10th, 1933, at which time Margaret Kish will reach the age of sixteen years; after this for the benefit of the father and widow, compensation shall be paid at the rate of thirty-six and one-fourth per cent., amounting to $12.18 per week for twenty-two and five-seventh weeks, until September 15th, 1933, which will conclude the three hundred weeks' period provided by law; the sum of $150 is to be paid for burial expenses; a counsel fee of $400 is to be paid to Harry Spitzer, attorney for petitioner, $250 by respondent and $150

from the portion payable to the widow and father, John Kish, Sr.; costs of suit are allowed in the sum of $11 to cover stenographer and subpœna fees.

It is further ordered that of the weekly rate of $15.54, the father shall receive $5 a week and the balance of $10.54 shall be paid to the wife and children; of the rate of $13.86, the father shall receive $6 a week and the widow and Margaret Kish, $7.86; of the weekly rate of $12.18, the father shall receive $7 and the widow $5.18. Petitioner and John Kish, Sr., are to be paid all arrearages now due in a lump sum.

It is further ordered that the respondent pay $150 to the proper person on account of funeral expenses, and a counsel fee to the petitioner's attorney in the sum of $250. The petitioner's attorney is also entitled to receive the sum of $150 from the accumulated compensation, one-third of which is to be paid by the father, John Kish, Sr., and two-thirds by the widow.

W. E. Stubbs,
*Deputy Commissioner.*