ELSIE COMPARRI AND LORRAINE COMPARRI, PETI-
TIONERS-APPELLANTS, v. JAMES READDING, INCOR-
PORATED, DEFENDANT-RESPONDENT.

Argued October 22, 1937—Decided January 26, 1938.

For the petitioners-appellants, *Isadore Rabinowitz* and
*Thomas G. Tuso.*

For the defendant-respondent, *Franklin J. Marryott.*

The opinion of the court was delivered by

DONGES, J. This is a compensation case in which the
decedent met his death while driving a truck in the State of
New York, apparently by reason of the truck going over-
board into a stream and the decedent being drowned. The
accident occurred on July 8th, 1935. The testimony was
that at the time of his death decedent was earning $30 a
week for four days' work, and it was computed that com-
pensation should be upon the basis of $37.50 for a week's
work. Decedent left a wife and daughter, having been mar-
ried April 9th, 1920, and the daughter, Lorraine Comparri,
having been born of the marriage on December 24th, 1922.

Two petitions for compensation were filed, one by the widow, Elsie Comparri, for herself and the daughter, and another by the mother of decedent, Rosalia Comparri, who alleged she was a dependent. The compensation bureau found that the wife was not a dependent and that the facts did not warrant a finding that she was either a partial or total dependent. It was further found that decedent's mother was a partial dependent, and that the daughter Lorraine was a full dependent. There was an appeal by the employer from so much of the award as gave compensation to the daughter on the basis of full dependency. This amounted to $12.50 a week.

From the record it appears that on August 3d, 1927, the decedent deserted his wife and family. At the December, 1928, term of court he was indicted by the Cumberland county grand jury for desertion, and on January 18th, 1929, he pleaded guilty to the indictment for desertion and the court made an order requiring him to pay for the support of his infant daughter the sum of $5 per week. She was then six years and three months old. No order was made for the wife's support. From January 18th, 1929, when the order was made, to June 1st, 1934, the decedent was in arrears in the sum of $370. On June 1st, 1934, the court made an order requiring the decedent to pay $5 a week for the support of the daughter and the further sum of $2 per week on the arrearage. Decedent died on July 8th, 1935, without having caught up on the arrears and without making regular payments on the order of June 1st, 1934.

The respondent insists that the daughter is not a full dependent within the contemplation of the statute because she was not a member of a household maintained by the decedent.

The compensation bureau found as a fact that the daughter was a full dependent, which finding was approved by the Common Pleas Court. On *certiorari,* the Supreme Court reversed, holding that the daughter was a partial dependent.

By the terms of the statute, *Pamph. L.* 1928, *p.* 286, it is provided that "dependency shall be conclusively presumed as

to decedent's widow and natural children under sixteen years of age who were actually a part of the decedent's household at the time of his death, * * *. *It is further provided that the foregoing schedule applies only to persons wholly dependent, and that in the case of persons only partially dependent, except in the case of the widow and children, who were actually a part of the decedent's household at the time of his death, the compensation shall be such proportion of the scheduled percentage as the amounts actually contributed to them by the deceased for their support constituted of his total wages* * * *.*"

It will be observed that the test is as to the dependency of a child upon the father. It is not governed in the slightest degree by the amount of money actually contributed to, or expended upon the child. It is undoubted that the law imposed upon the decedent the duty of fully and wholly maintaining his daughter. This legal duty was the subject of court order, and it must be presumed, that, in view of the legal duty of the father, the court determined that the amount then required for the full and total maintenance of the daughter, in view of the father's financial abilities, was the sum of $5 a week. It is not to be presumed that the court would order a father to maintain a child not dependent upon him, or that it would fix a sum less than required for her full maintenance. There is nothing to indicate that this daughter was not legally and actually wholly dependent upon her father. As was said by the Supreme Court in *Fay* v. *John Waldron Corp.*, 117 *N. J. L.* 123, "the gratuitous help given by their aunt should not be a bar to their claim of total dependency if in fact they were totally dependent upon their father, * * *." So here, the fact that the mother may have spent more upon the daughter than the amount fixed by the court as necessary for her support would not change the situation. The undoubted fact that the father failed in his duty to provide for her, did not render the daughter any less dependent. By the term of the statute, dependency is presumed if the child is a member of the father's household, but, when a child under sixteen is without means to support her-

self, and a court of competent jurisdiction has found dependency and ordered the father to contribute weekly to her support and maintenance, it cannot logically be said that she is only a partial dependent.

The test being dependency, and dependency having been legally determined as before stated, and nothing appearing to the contrary, the statute fixes the amount of the compensation without regard to the amount actually expended by the father on his daughter.

This case differs from *Bodnarik* v. *Empire Floor Co.,* 108 *N. J. L.* 75, where it was held that a widow in Czecho-Slovakia was a partial dependent only, having failed to follow her husband to this country and having received only a small contribution from him, and it appearing that she was maintaining herself almost entirely and, as far as appeared, voluntarily. The principle of that case was applied to the widow in this case, but would not apply to a daughter, under sixteen years of age, whose dependency has been determined, as in this case.

The judgment of the Supreme Court under review is reversed, and the judgment of the Cumberland County Court of Common Pleas is affirmed.

*For affirmance*—CASE, BODINE, HEHER, JJ. 3.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DONGES, PERSKIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 8.