88 N.J. Super. 495 (1965)
212 A.2d 796
MARIE ELENA SANTIAGO AND JOSE ANTONIO SANTIAGO, CHILD, PETITIONERS-APPELLANTS,
v.
NEW JERSEY FIREWORKS MANUFACTURING COMPANY, INC., RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 17, 1965.
Decided July 16, 1965.
*497 Before Judges FOLEY, KILKENNY and COLLESTER.
Mr. Charles J. Farley, Jr. argued the cause for appellants.
Mr. Robert H. Steedle argued the cause for respondent (Messrs. Lloyd, Horn, Megargee & Steedle, attorneys).
The opinion of the court was delivered by COLLESTER, J.A.D.
This workmen's compensation appeal is before us for rehearing, pursuant to leave granted, on the limited issue of whether Jose Antonio Santiago, the infant child of Pedro Mercado Santiago, the deceased employee of respondent, is entitled to dependency benefits as a total dependent or as a partial dependent. The Division of Workmen's Compensation, the County Court on appeal, and our original decision all held that Jose was only a partial dependent.
The facts are not in dispute. Pedro Mercado Santiago lost his life on February 27, 1958 as a result of burns received when an explosion occurred at respondent's premises in Vineland, New Jersey. He had married Marie Elena Santiago on December 31, 1952 in Puerto Rico and on January 28, 1954 Jose was born of the marriage. Thereafter Marie separated from the decedent and in September 1955 left Puerto Rico to reside in Brooklyn, New York. Jose remained in Puerto Rico. On March 19, 1955 Pedro, without benefit of a divorce, married Esther Morales Santos in Puerto Rico and they subsequently came to Vineland, New Jersey, where Pedro was *498 employed by respondent. Jose, decedent's child, who was four years old at the time of his father's death, continued to live in Puerto Rico with his grandparents, decedent's father and mother. Decedent sent weekly payments of $10 to his father which were used toward the support of not only his son Jose, but also his father, mother, sister and two brothers.
Dependency benefits claimed by Marie Elena Santiago, decedent's lawful widow, were denied because she was not a member of his household at the time of his death and had consented and acquiesced in the separation from her husband. A claim for benefits by Esther Morales Santos was denied because her marriage to decedent was bigamous and therefore void. Partial dependency benefits were awarded to decedent's son Jose, decedent's father, mother, sister and two brothers. On this rehearing, as noted above, we are concerned only with the question of whether Jose is entitled to benefits as a partial dependent or a total dependent.
Jose was not a member of decedent's household in Vineland, New Jersey, and therefore the conclusive presumption of dependency under N.J.S.A. 34:15-13(g) does not apply. He was supported by a common fund comprised of the $10 weekly payments remitted by decedent and the meager earnings of the grandfather and members of the latter's family in Puerto Rico. The judge of compensation found that the $10 payments constituted approximately 40% of the income of the grandfather's family.
The issue in this case is whether decedent's natural son, only four years of age at the time of his father's death, and being obviously incapable of consenting to the separation by which he was left by his father with the grandparents in Puerto Rico while his father lived with a second "wife" in New Jersey, comes within the legal meaning of a total dependent under the circumstances existing herein.
The view taken in some jurisdictions is that absent actual contributions for support, an obligation to support is not sufficient for a finding of dependency. 2 Larson, Workmen's Compensation Law (1961), § 63.31, p. 110. However, that does *499 not seem to be the law of New Jersey. In Comparri v. James Readding, Inc., 120 N.J.L. 168 (E. & A. 1937), the decedent wrongfully deserted his wife and infant daughter. Thereafter he pleaded guilty to an indictment charging desertion and the court ordered him to pay $5 per week for the support of his daughter who was then six years of age. Decedent died as a result of a compensable accident six years later. He was in arrears in support payments at the time of his death. On an appeal from an award to decedent's child as a total dependent, the court upheld a judgment ordering payments of $12.50 a week. Speaking of the test for dependency of a child upon the father the court stated,
"It is not governed in the slightest degree by the amount of money actually contributed to or expended upon the child. It is undoubted that the law imposed upon the decedent the duty of fully and wholly maintaining his daughter. * * * The undoubted fact that the father failed in his duty to provide for her did not render the daughter any less dependent." (at p. 170)
It is to be noted in Comparri that the child of the deceased employee obtained under the workmen's compensation law a greater sum than the father was actually paying under a court order for her support.
In Kolakowski v. Thomas Manufacturing Corporation, 88 N.J. Super. 478 (App. Div. 1965), Pino died as a result of a compensable accident. Claim petitions as dependents were filed on behalf of Peter and Michael Pino, infant children of the decedent by a prior marriage which had ended in a divorce. The children were living with the mother who had married Robert Amaniera subsequent to her divorce from Pino. Prior to the divorce the mother had twice obtained court orders requiring Pino to support his children. The last support payment made by decedent was two months after the divorce. Thereafter Amaniera supported his wife and decedent's two children. In upholding an award to the children as total dependents we held that the decedent was under a legal obligation to support the two children. We said,
*500 "Since actual support of a wife separated from her husband is not an indispensable prerequisite to make her a dependent under the Workmen's Compensation Act, there appears to us to be even less reason to require it in the case of children who do not live in their father's household. It was not the fault of Peter and Michael that they were living apart from decedent; they cannot be said to have consented to or acquiesced in the separation; they did not assert their complete independence of decedent; and they could not be expected to assert their legal dependency upon him. In case of need, someone else would have had to sue on their behalf, and, as a matter of fact, their mother did obtain the said orders in the courts of New York for support."
See also Kish v. Chipman Chemical Engineering Co., 7 N.J. Misc. 660, 664 (Dept. Labor 1929) and Amatelli v. Javas Bread Co., Inc., 16 N.J. Misc. 27, 195 A. 716 (Dept. Labor 1937).
While it is true that in Comparri, supra, and Kolakowski, supra, the decedent's payments for the support of his minor child or children were made pursuant to a court order, should there be a different rule when the father is making voluntary payments? We are not persuaded that the fact of dependency ought to be determined upon the amount of money which a father pays on account of support of his dependent infant child. He has a legal and moral duty to support his child and the employer should not be privileged to avoid his responsibility to pay dependency benefits to the child merely because the father has not performed fully his obligation in that respect prior to the accident.
In the instant case, Jose had a right to look to his father for full support, and the father was legally bound to give that full support and could not avoid that responsibility merely by leaving Jose with relatives in Puerto Rico and sending $10 weekly to the common family fund. If Jose, or someone on his behalf, had brought an action in our courts for support, we have no doubt that the court would have ordered the father to support Jose, regardless of the partial support Jose might have been getting from his grandparents in Puerto Rico. If such a support order had been made, the case would come within the rule in Comparri and Kolakowski, noted *501 above. It is our conclusion that the result should not turn upon the existence or not of any such court order, but upon the obligation owed by the father to the son as of the time of his death.
For the reasons above set forth the decision heretofore rendered upholding an award to the infant only as a partial dependent must be modified and benefits as a total dependent awarded Jose Antonio Santiago. The case is remanded to the Division of Workmen's Compensation for further proceedings not inconsistent with this opinion.