106 N.J. Super. 279 (1969)
255 A.2d 769
STATE OF NEW JERSEY, EX REL. FRANK LESLEY GOSNELL AND JAMES STEPHEN GOSNELL, BY THEIR GUARDIAN AD LITEM, DOROTHY C. GOSNELL SHOOK, PLAINTIFFS-APPELLANTS,
v.
ANN LUCY GOSNELL, ADMINISTRATRIX OF THE ESTATE OF FRANK H. GOSNELL AND AMERICAN SURETY COMPANY OF NEW YORK, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 6, 1969.
Decided June 26, 1969.
*281 Before Judges GAULKIN, COLLESTER and LABRECQUE.
Mr. Timothy J.P. Quinlan argued the cause for appellants (Messrs. Plone, Tomar, Parks and Seliger, attorneys)
Mr. Joseph H. Rodriguez argued the cause for respondents (Messrs. Brown, Connery, Kulp & Wille, attorneys; Mr. Charles A. Cohen, on the brief).
PER CURIAM.
Frank H. Gosnell was killed in an accident on January 7, 1959. At that time he was living with his wife, defendant Ann Lucy Gosnell (Ann) and their child John, born in October 1953 and thus not quite six years old. Decedent had been married to plaintiff Dorothy C. Gosnell Shook (Dorothy) by whom he had two children, plaintiffs Frank, born October 1946, and James, born January 1948. Decedent had separated from Dorothy in 1950, their children remaining with her. He never communicated with them nor contributed anything to their support thereafter. In March 1953 he obtained an uncontested divorce from Dorothy and married Ann. In 1956 Dorothy married Benjamin Shook. Frank and James were brought up by the Shooks but never adopted by Mr. Shook.
Ann instituted action against the tortfeasor for decedent's death. We have not been supplied with the pleadings in that case but it seems to be agreed that the complaint did not disclose the existence of Frank and James. Ann says they were excluded because they were not considered dependents. The case was settled for $67,000, obviously upon the basis that Ann and John were decedent's only dependents. Ann was appointed administratrix of decedent's estate, posted a $67,000 bond for the faithful performance of her duties, with defendant American Surety Company as surety, and distributed the proceeds of the $67,000 settlement, one-third to herself and the balance to the guardian of John.
In June 1966, when Frank was almost 20 years old and James over 18, this suit was instituted against Ann and the *282 surety demanding $29,777.76 as their share of the settlement (two-ninths of $67,000 for each) on the ground that they were dependents of decedent at the time of his death. They admitted that decedent had given them nothing after the separation in 1950 and had never been asked to do so, and they offered no proof that they or the Shooks were ever in need or looked to decedent for support. Those being the facts, the trial judge granted defendants' motion for summary judgment. The judge said: "* * * from the stipulated facts, it is my conclusion they were not actually dependent and apparently received nothing and expected nothing." Plaintiffs appeal. We affirm.
At the time of decedent's death our Death Act, N.J.S. 2A:31-4, provided that:
"The amount recovered in proceedings under this chapter shall be for the exclusive benefit of the persons entitled to take any intestate personal property of the decedent, and in the proportions in which they are entitled to take the same. If any of the persons so entitled were not dependent on the decedent at his death, the remainder of the persons so entitled shall take the same as though they were the sole persons so entitled. If all or none of the persons so entitled were then dependent on him, they shall all take as aforesaid."
The parties agree that the statute contemplates actual as opposed to legal dependency  a condition to be found from the facts of the case, not merely from the existence of decedent's legal obligation to support his minor children. However, plaintiffs contend that actual dependence is shown when (1) the claimant is a minor, (2) has no independent means, and (3) is unable to support himself through his own efforts, and the fact that the claimant is being supported by a stepfather or other person who has no legal duty to do so, is immaterial.
This argument may be valid in another context but we think it does not apply here. It might have merit in a situation in which children who had been and were being supported by a stepfather joined as plaintiffs in a death action *283 with children who had been supported by decedent, and at the trial seek to prove their dependency (a) as an element of damage for which the tortfeasor should pay, and (b) as entitling them to share in the recovery. And their right to share would have to be considered under our present statute (as last amended by L. 1960, c. 194) by the trial judge in distributing the proceeds of a recovery from the tortfeasor by judgment or settlement. But here we have a situation in which (1) the death action was settled long ago, (2) upon the basis of the loss to the widow and one child, undisputably actual dependents, (3) the proceeds of the settlement have been distributed, (4) the new claimants do not claim against the tortfeasor but against the administrator and her surety, and, most important, (5) the trial judge did not have to speculate upon whether the claimants might some day need support, for Frank was of age and James nearly so on July 13, 1968 when the summary judgment was entered. Had these plaintiffs been joined in the death action, and had the trial of that action taken place in July 1968, Frank and James would not have been able to prove dependency. Or if the death had taken place after the 1960 amendment of the Death Act, and the case was settled, upon application to the trial judge for distribution of the fund, plaintiffs would have received nothing. We see no reason to apply a contrary rule here. In short, the passage of time has proved that plaintiffs were not actually dependents of decedent.
Plaintiffs rely heavily on Kolakowski v. Thomas Mfg. Corp., 88 N.J. Super. 478 (App. Div. 1965), certification denied 45 N.J. 595 (1965) and Santiago v. New Jersey Fireworks Mfg. Co., Inc., 88 N.J. Super. 495 (App. Div. 1965). However, those were workmen's compensation and not Death Act cases. Furthermore, they were cases in which the children sought compensation from the employer and not from the other dependents or at their expense. As we said in Santiago: "[The father] has a legal and moral duty to support his child and the employer should not be privileged to avoid his responsibility to pay dependency benefits to the *284 child merely because the father has not performed fully his obligation in that respect prior to the accident." (At p. 500; emphasis ours.) It is axiomatic that the Workmen's Compensation Act is to be liberally construed in favor of the worker and his family. The greater the number of dependents, the greater will be the weekly compensation, i.e., the percentage of decedent's wages, but the mere fact that a child is accepted as a dependent does not necessarily mean that he will share equally with all the other dependent children. His share may be fixed by the judge of compensation at a figure less than his being a dependent has added to the compensation fund, so that the other dependents may actually benefit by his acceptance. The reverse was true under the Death Act in force when decedent was killed. Had plaintiffs proved their dependency, however slight, each of them, who did not need it, would have taken the same two-ninths of the award as John, who had no other means of support. The Death Act is not construed with the liberality of the Workmen's Compensation Act, and in such cases the court should favor those completely dependent upon the deceased over those who had no reasonable expectation of any pecuniary benefit from the continuation of his life, and especially when the latter do not seek recovery from the tortfeasor but a share of what has been deservedly awarded to those truly dependent. Cf. Rust v. Holland, 15 Ill. App.2d 369, 146 N.E.2d 82, 67 A.L.R.2d 739 (App. Ct. 1957).
In Kolakowski we held that the presumption of a child's dependency is rebuttable. Even if there were such a presumption here, it was rebutted by the fact that plaintiffs never received, sought, expected or needed their father's help. When claim is made by a child of tender years for the death of his parent, it is reasonable to assume, even if he is being supported by one who has no obligation to support him, that at some time before maturity he might have to seek the parent's help. Here no such assumption is possible for the plaintiffs had reached maturity when judgment was *285 entered and were not much younger when they started this action.
The judgment is affirmed. No costs.