350 S.E.2d 547

**Allie M. WALKER, et al.**

v.

**Mary Lou Edwards WALKER.**

**No. 16822.**

Supreme Court of Appeals of West Virginia.

Nov. 12, 1986.

---

Benjamin N. Snyder, Clendenin, for appellants.

Phillip D. Gaujot, Cross Lanes, Frank M. Armada, Poca, for appellee.

BROTHERTON, Justice:

This is an appeal from a judgment of the Circuit Court of Putnam County, which granted to the minor child of Allie W. Walker the entire net amount of a wrongful death settlement. The appellants are the decedent's ten adult children. Mary Lou Edwards Walker, the appellee, is the decedent's widow and the administratrix of his estate.

The appellants assert that the circuit court erred by not making an equitable division of the settlement among all the decedent's children. Upon careful review of the testimony adduced at trial, we find no abuse of discretion by the lower court in awarding the entire settlement to one child, and we therefore affirm its judgment.

Mary Lou Edwards Walker was Allie Walker's third wife. Her husband died May 21, 1984, in a car accident. He died intestate, leaving as legal heirs his wife and eleven children. The eleven children include three illegitimate children, three children by his first wife, four children by his second wife, and one child (the only minor) by Mary Lou Edwards Walker.

At the time of his death, Allie W. Walker was not employed. He was sixty years old and received black lung benefits, social security payments, and a pension from the Ford Motor Company. The minor child, Lowell Clay Walker, will continue to receive reduced social security payments and black lung payments until he reaches the age of majority. The wife will receive a

reduced pension from the Ford Motor Company.

The appellee, as personal representative, retained an attorney in order to bring a wrongful death action. She and her counsel reached a settlement with Nationwide Insurance Company for the gross amount of $95,000. She then filed a petition in the Circuit Court of Putnam County alleging the wrongful death of her husband and requesting the court to accept Nationwide's settlement offer. The appellee did not claim a share of the settlement, and her rights as surviving spouse are not in issue here. The court appointed a guardian ad litem for the minor son, and the remaining children of the decedent were notified and retained counsel.

At a hearing held November 16, 1984, the wife testified about the financial status of the family before and after the death of her husband, and about the support and educational needs of her minor son, who was eleven at the time of the hearing. She testified that her son was very close to his father, especially because she had worked full time and her husband had cared for the child at home from the time he was born. Six of the adult children also testified. None of the six remembered Allie Walker ever living with his or her family, and four of them appear to have hardly met him. The testimony of the other two showed some relationship with the deceased, but no past or expected financial dependency. Betty Rowley testified that her father supported her for brief periods twice during her life, once when she was in the eleventh or twelfth grade and again sometime later. She had last seen him four years before he died. Allie M. Walker testified that his father left home when he was three or four years old, and never did anything to support the family. He had seen his father five or six times a year when growing up and eight or nine times a year after he was grown. He visited his father twice in Florida and once loaned his father $1,200, which was repaid.

At the conclusion of the hearing, the circuit court ruled that the net amount of the settlement, approximately $65,000, should go entirely to the minor child, Lowell Clay Walker. He noted the unfortunate circumstance of ten children who all grew up in poverty, but also acknowledged that the amount left for distribution would provide a very small sum to each child if it were split up among all eleven children. He also observed that even the entire net settlement was not an overly generous amount for raising an eleven-year-old child to maturity.

On appeal, the ten adult children contend that a circuit judge does not have the discretion to give the entire proceeds of a wrongful death settlement to one child to the exclusion of all others. The appellants contend that the minor child, like the adult children, suffered no economic loss as a result of the death of his father, based on testimony by an economic expert that the cost of supporting the decedent in the household was approximately $400 per month, and the reduction in the total social security and black lung benefits caused by his death was approximately $400.[1]

■ This case arises under W.Va.Code § 55-7-6 (Supp.1986). The relevant paragraph reads:

(b) In every such action for wrongful death the jury, or in a case tried without a jury, the court, may award such damages as to it may seem fair and just, and, after making provision for [certain expenses], *may direct in what proportion the remaining net damages shall be distributed* to the surviving spouse and children, including adopted children, stepchildren and grandchildren of the deceased, and other persons, if any who were dependent upon the decedent for support, in whole or in part, or if there be none such, then to parents, brothers and sisters of the deceased, or if there by none such, then to such other persons, if

---

1. We note that this equation fails to take into account the value of the services provided by the deceased to his minor son and to the household in general. We held repeatedly under a prior statute that such services could establish financial dependency of survivors. *See, e.g., Bond v. City of Huntington,* 166 W.Va. 581, 276 S.E.2d 539, 542–44 (1981).

any, entitled to inherit pursuant to the provisions of [the laws of intestacy], .... *Where the matter was tried without a jury the court may find upon just and equitable principles that such net amount recovered should be distributed to such last named persons in different amounts and proportions,* in which event the court shall make written findings of fact and then and there order such remaining net damages distributed to those persons in such amounts and proportions as the court finds to be fair, just and equitable.

(emphasis added). We agree with the appellant that the current statute does not require that children be financially dependent on a deceased parent in order to share in the recovery for wrongful death.[2] It does not, however, preclude consideration of dependency in apportioning a wrongful death award among eligible beneficiaries.

■ The statute gives the court in this case the discretion to "direct in what proportion the remaining net damages shall be distributed," and to "find upon just and equitable principles that such net amount recovered should be distributed in different amounts and proportions." By so providing, the legislature negated any inference that allocation of an award must be pro rata or according to the laws of descent and distribution.[3] As a check on this exercise of discretion, the statute requires the trial court to make findings of fact to support the allocation, and to make the amounts "fair, just and equitable."

■ Our statute, patterned after an English statute known as Lord Campbell's Act, allows an action for wrongful death based upon the loss sustained by the beneficiaries of the recovery, rather than on the injury suffered by the deceased or his estate. *See, e.g., Swope v. Keystone Coal & Coke Co.,* 78 W.Va. 517, 522, 89 S.E. 284,

286 (1916). Aside from the provisions for funeral, hospital, and medical expenses, which were added in 1965, this character is reflected in the statute's enumeration of compensable injuries:

The verdict of the jury shall include, but may not be limited to, damages for the following: (A) Sorrow, mental anguish, and solace which may include society, companionship, comfort, guidance, kindly offices and advice of the decedent; (B) compensation for reasonably expected loss of (i) income of the decedent, and (ii) services, protection, care and assistance provided by the decedent; (C) expenses for the care, treatment and hospitalization of the decedent incident to the injury resulting in death; and (D) reasonable funeral expenses.

W.Va.Code 55–7–6(c)(1) (Supp.1986).

■ Where the award itself is for sorrow, companionship, guidance, loss of income or services, and the like, it is more than reasonable for a judge to consider the relationships between the decedent and the potential beneficiaries, differing degrees of companionship and guidance lost, and who suffered losses of income or services. In this case, the trial court based its allocation on the close relationship shared by the minor child and his father, the fact that the evidence showed little or no relationship between the deceased and the other ten children, and the high probability that the only child who stood to benefit from the income or services of his father had he lived was Lowell Clay Walker. Given these facts, we can find no abuse of discretion by the trial court.

■ Other courts, often by statutory mandate, have denied emancipated children of a decedent a share in wrongful death awards. *See, e.g., Stancil v. United States,* 196 F.Supp. 478, 481 (E.D.Va.

2. The statute has, at different times in its evolution, required a showing of dependency or pecuniary loss as a prerequisite to recovery. *See generally Bond v. City of Huntington,* 166 W.Va. 581, 276 S.E.2d 539, 541 & n. 3 (1981) (reviewing history of W.Va.Code § 55–7–6 through 1976).

3. The 1884 version of W.Va.Code § 55–7–6 did require distribution to the parties in the proportions provided for intestate distribution of personal property. *See Wilder v. Charleston Transit Co.,* 120 W.Va. 319, 321, 197 S.E. 814, 815–16 (1938). That language, however, has long since been deleted.

1961).[4] Although our statute contemplates no such automatic exclusion of adult children, a trial court may consider dependency of a child on the decedent as a legitimate criterion in apportioning an award.

For the reasons stated above, we affirm the decision of the circuit court.

Affirmed.

**4.** *Cf. State ex rel. Gosnell v. Gosnell,* 106 N.J.Super. 279, 284–85, 1 255 A.2d 769, 771–72 (App. Div.1969) (decedent's two sons by prior marriage denied share in award made to widow and minor child where former were not supported by decedent at time of death, and had reached age of majority by date of decision).