Frank A. IMPERIAL, Jr., Administrator,
de bonis non of the Estate of Frank
A. Imperial, deceased, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Marjorie R. HALL, Administratrix of
the Estate of Ernest R.
Perkins, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. A. Nos. 88–0071–C(S), 88–0170–C(S).

United States District Court,
N.D. West Virginia.

Nov. 26, 1990.

David J. Romano, Clarksburg, for plaintiffs.

Helen Campbell Altmeyer, Asst. U.S. Atty., Wheeling, for defendant.

## MEMORANDUM OPINION

STAMP, District Judge.

Plaintiffs in the above-styled cases have filed a consolidated Plaintiffs' Motion in Limine Regarding Damages. The Government has stipulated to liability in these two wrongful death cases. Plaintiffs have requested a determination with respect to two questions common to both cases concerning the scope of damages recoverable for wrongful death under West Virginia law and the Federal Tort Claims Act, codified at 28 U.S.C. § 2671, *et seq.* (the "FTCA"). Plaintiffs have framed the issues as follows:

A. Does the West Virginia Wrongful Death Statute, W.Va.Code Ann. § 55–7–6 (Michie Supp.1990), permit compensatory damages for noneconomic harms such as sorrow, mental anguish, solace, society, companionship?

B. If so, does the FTCA proscribe or limit damages otherwise recoverable un-

der West Virginia law to only economic damages?

### A. West Virginia Wrongful Death Statute

■ The answer to the first question is clear from the face of § 55–7–6(c)(1) which provides in part that a wrongful death verdict "shall include, but may not be limited to, ... [s]orrow, mental anguish, and solace which may include society, companionship," etc., in addition to economic damages. In 1976, the scope of recovery under the statute was substantially broadened and limits on the maximum recovery were removed. *See Bond v. City of Huntington*, 166 W.Va. 581, 276 S.E.2d 539, 541 (1981). Relatives of a decedent may recover noneconomic damages. *See Roberts v. Stevens Clinic Hospital, Inc.*, 345 S.E.2d 791 (W.Va.1986).

■ Under § 55–7–6, a wrongful death action must be brought by the personal representative of the decedent on behalf of certain persons related to the decedent, not on behalf of the estate. *Cross v. State Farm Mutual Automobile Ins. Co.*, 387 S.E.2d 556, 559 n. 5 (W.Va.1989). The wrongful death statute provides for an action based upon loss sustained by beneficiaries of possible recovery, rather than injury suffered by the deceased or his estate. *Walker v. Walker*, 350 S.E.2d 547, 549 (W.Va.1986). The statute does not require that the decedent's children be financially dependent to share in any recovery of noneconomic damages. *Id.*

### B. Availability of Noneconomic Damages Under the FTCA

■ Resolution of the second question requires the Court to consider the relevant provision of the FTCA and the caselaw construing that provision. Section 2674 of the FTCA provides, *inter alia*, that:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

If, however, in any case wherein death was caused, the law of the place where the act or omission complained of occurred provides, or has been construed to provide, for damages only punitive in nature, the United States shall be liable for actual or compensatory damages, measured by the pecuniary injuries resulting from such death to the persons respectively, for whose benefit the action was brought, in lieu thereof.

In *Flannery v. United States*, 718 F.2d 108, 111 (4th Cir.1983), *cert. denied*, 467 U.S. 1226, 104 S.Ct. 2679, 81 L.Ed.2d 874 (1984), the Fourth Circuit interpreted the FTCA's proscription on liability for punitive damages against the Government. The Fourth Circuit stated that

> [t]he FTCA's proscription of awards of punitive damages authorizes only those awards that compensate or reimburse, or provide recompense or redress for injuries suffered by the claimant. To the extent that an award gives more than the actual loss suffered by the claimant, it is "punitive" whether or not it carries with it the deterrent and punishing attributes typically associated with the word "punitive."

*Id.* The *Flannery* Court went on to hold that damages for loss of future enjoyment of life are not compensatory, i.e. are punitive, with respect to an irreversibly comatose plaintiff because he would never have the opportunity to enjoy the use of any such award which would merely inure to the benefit of his heirs upon his death. *Id.* The Seventh Circuit recently adopted this view where a comatose victim is incapable of enjoying any recovery. *Molzof v. United States*, 911 F.2d 18, 22 (7th Cir. 1990).

The second paragraph of § 2674, applicable by its terms to wrongful death claims, clearly provides that the Government can be held liable for economic damages if the applicable state law provides "for damages *only* punitive in nature." (emphasis added). This second paragraph prevents a plaintiff from receiving no recovery if applicable state law provides only for punitive damages. *See 35 Am.Jur.2d Federal Tort*

*Claims Act* § 105 (1967); *D'Ambra v. United States*, 481 F.2d 14, 17 (1st Cir. 1973), *cert. denied*, 414 U.S. 1075, 94 S.Ct. 592, 38 L.Ed.2d 482; *Lauderdale v. United States*, 666 F.Supp. 1511, 1517 (M.D.Ala. 1987). In such a case, the successful plaintiff would at least be entitled to recover compensation for the deprivation of the reasonable expectation of pecuniary benefits that would have resulted from the continued life of the deceased, including lost income and services. *Lauderdale*, 666 F.Supp. at 1517.

Here, however, since West Virginia law does provide for damages which are compensatory or nonpunitive within the meaning of § 2674 as interpreted by the *Flannery* court, the second paragraph of § 2674 does not apply. Section 55–7–6 of the West Virginia Code allows recovery for

> (a) Sorrow, mental anguish, and solace which may include society, companionship, comfort, guidance, kindly offices and advice of the decedent; (b) compensation for reasonably expected loss of (i) income of the decedent, and (ii) services, protection, care and assistance provided by the decedent; (c) expenses for the care, treatment and hospitalization of the decedent incident to the injury resulting in death; and (d) reasonable funeral expenses.

The *Flannery* court stated that "a state's statutory measure of damages 'must be judged not by its language or the state's characterization, but by its consequences.'" 718 F.2d at 110 (quoting *D'Ambra*). The *Flannery* court relied by analogy on the rationale of *D'Ambra* that where damages were not determined by an assessment of the loss suffered by the survivors, the award was punitive. *Id.* Thus, the *Flannery* court held that damages for loss of enjoyment of life were punitive since they could provide a comatose victim with "no direct benefit." *Id.* at 111. One district court in the Fourth Circuit interpreted *Flannery* as limiting "the government's liability to compensation for injuries and expenses actually incurred." *Corrigan v. United States*, 609 F.Supp. 720, 733 (E.D.Va.1985), *rev'd on other grounds*, 815 F.2d 954 (4th Cir.),

*cert. denied*, 484 U.S. 926, 108 S.Ct. 290, 98 L.Ed.2d 250 (1987).

In *Burke v. United States*, 605 F.Supp. 981 (D.Md.1985), a district court in the Fourth Circuit interpreting *Flannery* held that a conscious plaintiff was entitled to recover for loss of enjoyment of life to the extent allowed by Maryland law because she could presently benefit from such an award. The *Burke* court stated that the plaintiff "is entitled to consideration of the effect her injuries have on her overall physical well-being in the enjoyment of life during the remaining period of her life and to have an award of damages considering the same." *Id.* at 992. The *Burke* court further stated that the award in *Flannery* was held to be punitive with respect to a comatose patient because it would compensate for more than the actual loss sustained by him. *Id.*

*Flannery*, does not, however, stand for the broad proposition that only pecuniary loss is compensable in a tort claim against the Government. Noneconomic damages are not necessarily punitive. *See Anderson v. United States*, 731 F.Supp. 391, 402 (D.N.D.1990). Where the award would inure to the benefit of the living and conscious person or persons who suffered the loss and who have a cause of action, noneconomic damages are not precluded by § 2674 of the FTCA. Accordingly, those who suffer a loss constituting "sorrow, mental anguish, [or] solace which may include society, companionship, comfort, guidance, kindly offices [or] advice of the decedent," as those terms have been interpreted by the West Virginia courts, due to the negligence of an agent of the Government, are entitled to recovery as provided by West Virginia law. This is so because those damages are "compensatory" for the actual losses of those plaintiffs, not "punitive" or "windfall" damages designed to compensate the victim who can no longer directly benefit from them, as was the case in *Flannery*.

## C. Conclusion

Accordingly, the answer to the first question posed is "yes", and the answer to

the second is "no." The Court has addressed the Motion in Limine Regarding Damages to assist the parties and the Court to define the scope of relevant and admissible evidence in these cases. The authority to do so rests in Fed.R.Evid. 103(c), Fed.R.Evid. 403 and Fed.R.Civ.P. 16. Thus, the Court will limit the evidence presented at trial concerning damages in accordance with this Memorandum Opinion.