425 S.E.2d 235

**ESTATE OF Harry Melvin HELMICK, By Goldie M. FOX, Executrix of the Estate of Harry Melvin Helmick, Plaintiff Below, Appellee,**

v.

**Carl J. MARTIN II; Ace Tank Rental, Inc; Virgie Wamsley, Hayward Harold Martin and Dorothy Casada, d/b/a Our Place Diner, Defendant Below, Appellants.**

No. 21249.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 9, 1992.

Decided Dec. 18, 1992.

---

Jonathan E. Turak, David R. Gold, Gold, Khourey & Turak, Moundsville, for appellee.

James A. Varner, Catherine D. Munster, McNeer, Highland & McMunn, Clarksburg, for appellants.

James A. McKowen, Hunt, Lees, Farrell & Kessler, Charleston, William F. Byrne, Stone & Byrne, Morgantown, for amicus curiae, The West Virginia Trial Lawyers Ass'n.

WORKMAN, Justice:

This case is before the Court upon the November 18, 1991, order of the Circuit Court of Upshur County which certified the following questions to this Court:

1. Whether West Virginia law permits beneficiaries of a decedent to obtain damages for the decedent's pain and suffering when, upon the death of the plaintiff's decedent, the pending personal injury action is revived and amended pursuant to West Virginia Code Section 55–7–8 (1981) (amended 1989).

2. Whether West Virginia law permits beneficiaries of a decedent to seek damages for decedent's pain and suffering in an action brought pursuant to West Virginia Code Sections 55–7–8 (1981) (amended in 1989) and 55–7–6 (1981) (amended in 1989).

■ The lower court answered both of the certified questions in the affirmative. We decline to address the certified questions as formulated since they are somewhat redundant.[1] The question which must be answered is whether West Virginia Code § 55–7–8 (1989)[2] authorizes the decedent's beneficiaries to recover damages for the decedent's pain and suffering between the time of injury and death where the decedent had instituted an action for personal injury prior to the time of his death and the action was revived and amended pursuant to West Virginia Code

---

**1.** Upon receiving certified questions, we retain some flexibility in how the questions will be addressed. *See City of Fairmont v. Retail, Wholesale, and Dept. Store Union, AFL–CIO,* 166 W.Va. 1, 3–4, 283 S.E.2d 589, 590–91 (1980).

**2.** West Virginia Code § 55–7–8 (1989) provides that:

Where an action is brought by a person injured for damage caused by the wrongful act, neglect or default of any person or corporation, and the person injured dies as a result thereof, the action shall not abate by reason of his or her death but, his or her death being suggested, it may be revived in the name of his or her personal representative, and the complaint shall be amended so as to conform to an action under sections five and six [§§ 55–7–5 and 55–7–6] of this article, and the case proceeded with as if the action had been brought under said sections. *Additionally a separate and distinct cause of action may be brought, and if brought, shall be joined in the same proceeding for damages incurred between the time of injury and death where not otherwise provided for in said sections five and six.* In either case there shall be but one recovery for each element of damages.... (emphasis added)

§§ 55–7–8 and 55–7–6 (1989) [3] at the time of the decedent's death. Upon review of the arguments of the parties [4] and all the matters submitted [5] before the Court, we answer the rephrased certified question in the affirmative.

The undisputed facts reveal that this case originated as a personal injury action to recover damages for the injuries sustained by Harry Helmick as a result of an automobile accident which occurred on January 22, 1989. Mr. Helmick was a guest passenger in an automobile driven by the Defendant, Virgie Wamsley. Mr. Wamsley's vehicle was struck by a truck operated by the Defendant, Carl S. Martin II, and owned by Ace Tank Rental, Inc. (hereinafter referred to as Ace Tank). The accident occurred when Mr. Wamsley pulled out of the parking lot of the Our Place Diner, which is owned by the Defendant Harold Martin and leased by the Defendant Dorothy Casada.

On March 2, 1989, Goldie Fox, the sister of Mr. Helmick, was appointed as the committee for the estate of Mr. Helmick, an incompetent. On March 16, 1990, Goldie Fox, as the committee for Mr. Helmick's estate filed a civil action against the Defendants, Mr. Wamsley, Carl Martin and Ace Tank in the Circuit Court of Upshur County. Subsequently, the Defendants Carl Martin and Ace Tank filed a third-party complaint against Hayward Martin and Dorothy Casada d/b/a Our Place Diner.

Mr. Helmick died on July 20, 1990, allegedly as a result of injuries sustained in the automobile accident. Goldie Fox was then named executrix of Mr. Helmick's estate on February 8, 1991. The complaint in the pending civil action was later amended pursuant to West Virginia Code § 55–7–8 as a wrongful death action. The Appellee is presently seeking damages pursuant to West Virginia Code §§ 55–7–6 and 55–7–8 for the pain and suffering experienced by Mr. Helmick between the time of the accident and the time of his death.

The only issue before this Court is whether a decedent's beneficiaries can recover damages for the decedent's pain and suffering [6] where the decedent died after filing an action for personal injury [7] from the same injuries which formed the basis for the personal injury action and where subsequent to the decedent's death, the personal injury action was revived and amended as a wrongful death action. The Appellee asserts that the circuit court did not err in finding that damages for the decedent's pain and suffering are recoverable pursuant to West Virginia Code § 55–7–8. The Appellant, however, argues that pursuant to West Virginia Code §§ 55–7–5 to –8,[8] beneficiaries of the decedent are not entitled to recover damages for the decedent's pain and suffering in a wrongful death action or in a personal injury action revived and amended pursuant to West Virginia Code § 55–7–8. The Appellant asserts that the 1989 amendment to the wrongful death act provisions of West Virginia Code § 55–7–8 merely provided for procedural joinder of all claims relating to

3. West Virginia Code § 55–7–6(c)(1) provides: The verdict of the jury shall include, but may not be limited to, damages for the following: (A) Sorrow, mental anguish, and solace which may include society, companionship, comfort, guidance, kindly offices and advice of the decedent; (B) compensation for reasonably expected loss of (i) income of the decedent, and (ii) services, protection, care and assistance provided by the decedent; (C) expenses for the care, treatment and hospitalization of the decedent incident to the injury resulting in death; and (D) reasonable funeral expenses.

4. The record reveals that after the certification of this case to this Court, all the Defendants, with the exception of Dorothy Casada settled with the Plaintiff.

5. An amicus curiae brief was submitted by the West Virginia Trial Lawyers Association and was considered by the Court in rendering the present decision.

6. *See* W.Va.Code § 55–7–8.

7. *See* W.Va.Code §§ 55–7–8 and 55–7–6.

8. West Virginia Code § 55–7–5 (1981) provides for an action for wrongful death. West Virginia Code § 55–7–7 (1989) provides for the compromise of a claim for a wrongful death action. Neither of these two statutes are the focus of the issue at hand.

the death, including a personal injury action, revived and amended; a wrongful death action; and any other claims which survive death according to West Virginia Code § 55–7–8a (1981).[9] Further, the Appellant contends that the statute in no way changes the nature of the cause of action nor does it enlarge the scope of damages recoverable under the relevant statutes.

Prior to the 1989 amendment to West Virginia Code § 55–7–8, there were no statutory provisions which allowed a decedent's beneficiaries to recover damages for a decedent's pain and suffering. This is evident in West Virginia Code § 55–7–8 (1959) which provided for the revival of a personal injury action where the injuries resulted in death as follows:

> Where an action is brought by a person injured for damage caused by the wrongful act, neglect or default of any person or corporation, and the person injured dies as a result thereof pending the action, the action shall not abate by reason of his death but, his death being suggested, it may be revived in the name of his personal representative, and the declaration and other pleadings shall be amended so as to conform to an action under sections five and six [§§ 55–7–5 and 55–7–6] of this article, and the case proceeded with as if the action had been

brought under said sections. But in such case there shall be but one recovery for the same injury.

Consequently, the 1959 version of West Virginia Code § 55–7–8 essentially treated the revival of the decedent's personal injury action solely as a wrongful death action. Thus, there was no specific recovery for the decedent's pain and suffering. The lack of the availability of any recovery for the decedent's pain and suffering was made clear in *Walker v. Walker*, 177 W.Va. 35, 350 S.E.2d 547 (1986), *superceded by statute on other grounds as stated in Arnold v. Turek*, 185 W.Va. 400, 407 S.E.2d 706 (1991) where this Court, in interpreting what damages were recoverable under the wrongful death statute, stated that "[o]ur statute, patterned after an English statute known as Lord Campbell's Act, allows an action for wrongful death based upon the loss sustained by the beneficiaries of the recovery, rather than on the injury suffered by the deceased or his estate." 177 W.Va. at 38, 350 S.E.2d at 549.

The 1989 amendment to West Virginia Code § 55–7–8, therefore, brought about two significant changes to the statute. First, the 1989 amendment to West Virginia Code § 55–7–8 added language which

---

**9.** West Virginia Code § 55–7–8a provides:

(a) In addition to the causes of action which survive at common law, causes of action for injuries to property, real or personal, or injuries to the person and not resulting in death, or for deceit or fraud, also shall survive; and such actions may be brought notwithstanding the death of the person entitled to recover or the death of the person liable.

(b) If any such action is begun during the lifetime of the injured party, and within the period of time permissible under the applicable statute of limitations as provided by articles two [§ 55–2–1 et seq.] and two–A [§ 55–2A–1 et seq.] of this chapter, (either against the wrongdoer or his personal representative), and such injured party dies pending the action it may be revived in favor of the personal representative of such injured party and prosecuted to judgment and execution against the wrongdoer or his personal representative.

(c) If the injured party dies before having begun any such action and it is not at the time of his death barred by the applicable statute of limitations under the provisions of articles two and two–A of this chapter, such action

may be begun by the personal representative of the injured party against the wrongdoer or his personal representative and prosecuted to judgment and execution against the wrongdoer or his personal representative. Any such action shall be instituted within the same period of time that would have been applicable had the injured party not died.

(d) If any such action mentioned in the preceding subsections (a), (b) and/or (c) shall have been begun against the wrongdoer and he or she dies during the pendency thereof, it may be revived against the personal representative of the wrongdoer and prosecuted to judgment and execution.

(e) The applicable provisions of article eight [§ 56–8–1 et seq.], chapter fifty-six of this Code shall govern the actions hereinabove mentioned, with reference to their abatement, revival, discontinuance, reinstatement and substitution of parties.

(f) Nothing contained in this section shall be construed to extend the time within which an action for any other tort shall be brought, nor to give the right to assign a claim for a tort not otherwise assignable.

permits a separate and distinct cause of action to be brought for damages incurred by the decedent between the time of the injury and death where such damages are not provided for in either West Virginia Code § 55–7–5 or § 55–7–6. Thus, the 1989 amendment created a substantive cause of action to allow persons injured by a wrongful act who file an action for personal injury and subsequently die from those same injuries to recover damages incurred between the time of injury and death. *See* W.Va.Code §§ 55–7–5 and 55–7–6.

Second, the 1989 amendment to West Virginia Code § 55–7–8 specifically provides that a recovery shall be had for damages such as pain and suffering which are not otherwise provided for under the wrongful death act. *See* W.Va.Code §§ 55–7–5 and 55–7–6. It is clear upon examining those statutory provisions that one of the types of damages which is not included in the statute as what the "jury shall include" in its verdict is pain and suffering. *See* W.Va.Code § 55–7–6. Further, it is evident that the legislature intended the 1989 amendment to West Virginia Code § 55–7–8 to broaden the scope of recoverable damages.

If this Court were to accept the Appellant's interpretation of the pertinent statutes and conclude that the 1989 amendment was merely providing for procedural joinder for all claims relating to death, we would be ignoring the plain meaning of the statutes involved. Moreover, to accept the Appellant's interpretation would be effectively stating that prior to 1989 a person could not have joined all the actions relating to the death which survived the death. This was obviously not the case, since West Virginia Rule of Civil Procedure 18(a) dealing with the joinder of claims had been adopted prior to 1989. This rule provides that: "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal or equitable, as he has against an opposing party." W.Va.

R.Civ.P. 18(a). Thus, we find the Defendant's argument unpersuasive.

Consequently, we hold that West Virginia Code § 55–7–8 authorizes the decedent's beneficiaries to recover damages for a decedent's pain and suffering incurred between the time of injury and the time of death where the decedent had instituted an action for personal injury prior to his death and the action was revived and amended pursuant to West Virginia Code §§ 55–7–8 and 55–7–6. Since the present action was brought prior to the decedent's death, there is no question that the decedent's beneficiaries are entitled to recover damages for the decedent's pain and suffering from the time of the automobile accident until his death.[10]

Based upon the foregoing opinion, the certified questions, as rephrased into one question, have been answered. This case is hereby removed from the docket of this Court.

Certified questions answered.

---

**10.** We need not resolve at this time the remaining question of whether pain and suffering is recoverable where the action is not filed until after the decedent's death. *See* West Virginia Code § 55–7–6.