CHARLIE WILDER, *Admr., etc. v.* CHARLESTON TRANSIT COMPANY

(CC 591)

Submitted May 18, 1938.  Decided June 21, 1938.

MAXWELL, PRESIDENT, and KENNA, JUDGE, dissenting.

*Davis & Painter,* for plaintiff.

*J. Howard Hundley, Price, Smith & Spilman, Howard R. Klostermeyer* and *W. Victor Ross,* for defendant.

RILEY, JUDGE:

The plaintiff administrator brought this action of trespass on the case under Code, 55-7-5, 6 (the so-called wrongful death statute), to recover damages for the alleged wrongful death of his decedent. On its own motion, the Circuit Court of Kanawha County certified its ruling in reversing the ruling of the Court of Common Pleas and sustaining a demurrer to defendant's special plea.

The declaration contains no allegation that decedent was survived by a widow or next of kin capable of taking any recovery provided by law for the distribution of personal estates left by persons dying intestate. The special plea is in bar. It specifically denies the existence of any persons who would be entitled to the recovery if obtained.

On this certificate, the only issue is whether the defendant, as a bar to recovery, may prove under its plea that there were no persons entitled to a recovery for the alleged wrongful death.

The statute (Code, 55-7-5, 6), as presently constituted, provides, in effect, that the personal representative of a decedent, whose death ensued as the result of the wrongful act, neglect, etc., of another may maintain an action against the guilty party; that the amount recovered shall be distributed to the parties and in the proportions provided by law in relation to the distribution of the personal estate left by persons dying intestate; that such damages, not to exceed $10,000.00, as the jury may deem fair and just, may be awarded; and the amount recovered shall not be subject to any debts and liabilities of the deceased.

The original statute, adopted in 1863 (West Virginia Acts, 1863, Chapter 98), is substantially in the language

of the present statute, except the recovery was limited to $5,000.00 and the statute contained a provision to the effect that "The amount recovered in every case shall be *for the exclusive benefit of the widow and next of kin*" of the deceased person. With the original statute in force, this Court sustained a demurrer to a declaration on the ground that it failed to aver that the decedent had a widow or next of kin for whose benefit alone it was claimed the action could be maintained. *B. & O. R. R. Co.* v. *Gettle, Adm'x.*, 3 W. Va. 376. In its opinion, the court said, id., 384: "It is very manifest, therefore, that the widow and next of kin constitute the very pith and essence of this action, and that if there be none such the action will not lie." Subsequently, the statute was amended by the deletion of the provision to the effect that recovery was for the exclusive benefit of the widow or next of kin, and the incorporation of a provision to the effect that the amount recovered "shall be distributed to the parties and in the proportions provided by law in relation to the distribution of personal estates left by persons dying intestate." The limitation of the amount recoverable was enlarged from $5,000.00 to $10,000.00. (Code 1884, Chapter 103, Section 6). With the statute thus amended, it was held that a declaration in a wrongful death action need not allege that the decedent left a widow or next of kin. *Madden's Adm'r.* v. *C. & O. R. Co.*, 28 W. Va. 610, 57 Am. Rep. 695. A case then arose in which the declaration included the names of decedent's widow and children, and alleged that the damages claimed by the administrator had accrued to them. This Court held that the foregoing should be treated as mere surplusage, and did not render the declaration demurrable. *Searles* v. *Kanawha, etc., R. Co.*, 32 W. Va. 370, 9 S. E. 248, 251.

Such was the state of the law in West Virginia on the immediate point under scrutiny until the time of the instant case. Clearly, *B. & O. R. R. Co.* v. *Gettle, Adm'x., supra,* must be disregarded because of the change in the statute. And the *Madden* and *Searles* cases, dealing as

they do solely with matters of pleading and practice, did not adjudicate the question of substantive law involved here. Well might it be said that the principle determined in the latter cases is entirely consistent with the proposition that the non-existence of persons entitled to take under this · statute is a matter of defense. That the existence of such persons need not be alleged by the plaintiff is analogous to the rule of pleading applying to contributory negligence in tort cases.

Defendant's position finds a strong background in section 6 of the present statute and the general authorities applying to wrongful death statutes. This section provides that "the amount recovered * * * shall be distributed to the parties and in the proportion provided by law in relation to the distribution of personal estate left by persons dying intestate." Code, 55-7-6. Under the clear weight of authority, the existence of beneficiaries is a condition to the right to invoke the aid of the statute. See generally, Note to *Flash* v. *Louisiana Western R. Co.*, 137 La. 352, 68 So. 636, L. R. A., 1916E, 112, 136; 8 R. C. L., Subject Death, section 40, Note 19; 17 C. J., p. 1211; and Tiffany, Death by Wrongful Act, section 80. The policy of the statute is remedial and not punitive. With this in mind, we are persuaded, in the light of the foregoing authorities, to the view that the plea contains a good defense. In so holding, we do not say that the plaintiff is not entitled to recovery in any event. We simply say that the defendant, if it is able to do so, may prove the non-existence of persons entitled to the benefit of recovery under the statute. Such proof, directed as it is to a negative factual proposition, may be difficult. With its difficulty, however, the problem presented here is not concerned.

But plaintiff's counsel say that, in the absence of a surviving spouse or next of kin, recovery should be allowed and that the amount thereof should escheat to the State. This position contravenes the provision of the statute to the effect that the amount of recovery sought, if obtained, would not be subject to the decedent's debts,

as in the case of an estate subject to escheat. Moreover, a decedent's estate only is the subject matter of escheat. "Whenever any person shall die intestate and without any heir or next of kin, *owning* real estate or personal property within this State, the title of such deceased person therein shall escheat to the State." (Code, 37-2-1). "To the State shall accrue all the personal estate of every decedent, of which there may be no other distributee." (Code, 42-2-2). (Italics supplied). Here, the claim asserted never was owned by the decedent. It was prompted into being by virtue of decedent's death. By no stretch of the legal imagination, we think, can the recovery claimed be said to be a part of the decedent's estate. *Richards* v. *Riverside Iron Works*, 56 W. Va. 510, 511, 49 S. E. 437; *Thompson & Lively* v. *Mann*, 65 W. Va. 648, 650, 64 S. E. 920, 22 L. R. A. (N. S.) 1094, 131 Am. St. Rep. 987; *Peters* v. *Kanawha Banking & Trust Company*, 118 W. Va. 484, 191 S. E. 581, 582, 583; *Fetty* v. *Carroll*, 118 W. Va. 401, 190 S. E. 683, 684.

Judge Hatcher, in the opinion in *Fetty* v. *Carroll*, *supra*, following the language used in *Richards* v. *Riverside Iron Works*, *supra*, and *Thompson* v. *Mann*, *supra*, said: " * * * while the decedent's administrator alone may sue, his relation to any fund recovered is not that of decedent's representative, but that of trustee for the next of kin." In *State* v. *Phoenix Mutual Life Insurance Company*, 114 W. Va. 109, 170 S. E. 909, 91 A. L. R. 1482, the sole beneficiary under an insurance policy killed the insured and the State of West Virginia asserted the right to escheat the proceeds of the policy as without a beneficial owner. The court said: " * * * a trust estate. was not subject to escheat under the common law," and cited Beach on Trusts, sec. 417; Perry on Trusts (6th Ed.), sec. 434; Washburn on Real Property (6th Ed.), sec. 1442; Story, Eq. Juris. (14th Ed.) sec. 1592, Note 6; and Pomeroy, Eq. Juris. (4th Ed.), sec. 990. Though not in point, *State* v. *Phoenix Mut. L. Ins. Co.*, *supra*, presents, on the question of escheat, a situation somewhat analogous to the instant case; and the court's rea-

son throws light on the discussion of the question involved here.

It may be suggested that, in the absence of a widow or next of kin, the recovery, in the instant case, would devolve to the State under the express provisions of the wrongful death statute. Such suggestion is met by the wording of the statute itself. By providing that the amount of the recovery shall be *distributed to the parties and in the proportion in relation to the distribution of the personal estate* left by persons dying intestate, section 6 of the statute clearly refers to the statute of distribution. Code, 42-2-1. It contains no express provision for an escheat as provided by Code, 42-2-2; and Code, 37-2-1.

In considering the statutory provisions as to escheat, we have kept in mind that the words "distribution" and "escheat" have well settled technical meanings in law. "Distribution means the division of the residuary estate of a deceased person among his next of kin within the limits allowed by statute." 10 Halsbury's Laws of Eng. (2d Ed.), sec. 821. Accord: *Thomson* v. *Tracy,* 60 N. Y. 174, 180-1. The word "escheat" signifies "a falling of decedent's estate into the general property of the state on his death, intestate and without lawful heirs." *Braun* v. *McPherson,* 277 Mich. 396, 269 N. W. 211, 212 The word denotes "an obstruction of the course of descent." Blackstone, Book 2, page 244. Accord: *In re Maltbie,* 102 Misc. 575, 169 N. Y. S. 339. Escheat is not technically a part of distribution and in fact has no application to property until distribution becomes impossible. This distinction is clearly recognized in *In re Miner's Estate,* 143 Cal. 194, 76 Pac. 968, which holds: "The state does not come in by way of succession on failure of heirs or next of kin to take an estate of a decedent, but in such event the property * * * goes to the state by escheat." Consequently, the references in section 6 of the wrongful death statute to distribution of the recovery to the parties and *"in the proportion"* in relation to the distribution of personal estate of an intestate dece-

dent, does not include an escheat. In so holding, we are aware that the statute of distribution contains a section providing for the escheat of personal estate (Code, 42-2-2, *supra*), in the case of an estate "of which there may be no other distributee." At most, the use of these words is inept and must be considered in the light of the principles underlying the laws of distribution and escheat.

After all, the present statute has underlying it the same policy which, in the first instance, inspired the enactment of the original Lord Campbell's Act, that is, the survival of actions for wrongful death for the benefit of the decedent's widow and next of kin. See Note, L. R. A. 1916E, pp. 136, 137, 138. Where there is no surviving spouse or next of kin, the beneficent purpose of the statute would not be served by an escheat to the state of the recovery under it.

We, therefore, are of opinion that the circuit court erred in reversing the court of common pleas on demurrer to defendant's plea. The ruling of the circuit court is reversed with directions to overrule the demurrer and remand the case to the court of common pleas for further proceedings.

*Reversed and remanded.*

MAXWELL, PRESIDENT, dissenting:

Judge Kenna and I regret that we cannot concur in the opinion and decision of the court.

The first West Virginia statute authorizing recovery of damages for death by wrongful act provided that the recovery, which was limited to $5,000.00, should be *"for the exclusive benefit of the widow and next of kin."* (Acts 1863, ch. 98, sec. 2.) Under this statute, it was held (*B. & O. R. R. Co.* v. *Gettle*, 3 W. Va. 376) that the failure of a declaration to allege that the decedent had a widow or next of kin rendered it demurrable, the case emphasizing that under the then statute no action would lie unless the plaintiff showed that there was a widow or next of kin. Thereafter (Code, 1868, ch. 103, sec. 6,

effective April 1, 1869), the statute was changed. It was made to read that the recovery "shall be *distributed to the parties and in the proportions provided by law in relation to the distribution of personal estates left by persons dying intestate."* (Italics supplied in each instance above.) The statute so remains to this day. Code, 55-7-6. Why was the original statute changed? Obviously, because the attention of the legislature had by this court been called to the requirement of the former act that the plaintiff allege as facts indispensable to his recovery that there was a widow on next of kin. The legislature intended that this should not be required. Evidently it wished entirely to obviate the necessity of such allegation, and not merely to shift the burden of proof.

This court in *Madden's Adm'r* v. *C. & O. Railway Co.,* 28 W. Va. 610, 57 Am. Rep. 695, and *Searles* v. *Railway Co.,* 32 W. Va. 370, 9 S. E. 248, has held that under the statute as amended, the rule of pleading announced in the *Gettle* case is no longer applicable. In the *Madden* case, the declaration failed to allege that there were persons living who were entitled to the recovery under the laws of intestacy. The court held that the declaration was not demurrable. In the *Searles* case, the widow and children of the decedent were named in the declaration. Evidently this was in order to meet the requirement laid down in the *Gettle* case (3 W. Va. 376). The court held the averment to be simply surplusage.

Turning again to the wrongful death statute: " * * * the amount recovered in every such action shall be distributed to the parties and in the proportion *provided by law in relation to the distribution of personal estate left by persons dying intestate."* (Italics supplied.) What is the manner provided by law in relation to the distribution of personal estates left by persons dying intestate? The statute of descent and distribution, Code, 42-2-1, provides for the distribution of the personal estate of a person dying intestate. Section 2 of the same article, which contains only two sections, reads: "To

the State shall accrue all the personal estate of every decedent, of which there may be no other distributee." Certainly, this is one of the ways "provided by law in relation to the distribution of personal estate left by persons dying intestate."

If it is desired to construe this language (Code, 42-2-2) as "inept" and not contemplating that distribution of a recovery for death by wrongful act, although a purely statutory recovery, should be regulated by this statute to which the wrongful death statute directly refers, then, in our judgment, the court has practically construed the legislative act as not meaning what its plain, express terms indicate.

As is stated in the majority opinion, the statute for the recovery of damages for death by wrongful act is a remedial statute. As such, it should be liberally construed to achieve its known object. Certainly, the present statute was not enacted merely for the purpose of providing that a plaintiff does not have to allege and prove the existence of distributees, and yet permit the pleading of the non-existence of distributees as a matter of defense by the defendant. Such a construction would, of course, merely place the matter of distributees in the hands of the defendant as a defense, he not being in a position to know about it, and take it from the plaintiff as a matter of recovery, he being the one most likely to possess the necessary information.

A sum of money recovered for death by wrongful act is, we believe, in all respects, a part of decedent's estate, made so by our West Virginia statute, with the single exception that it is not liable for the decedent's debts.

It seems almost repellant to basic conceptions of right and justice that in any supposed case a defendant, guilty through gross negligence of causing the death of another, might come into court and, though admitting his negligence, avoid liability by a plea and proof that the victim of his negligent conduct left no surviving spouse nor blood relative. We cannot accept the soundness of such position. We are impressed that the question of no

spouse nor kin of the deceased is none of the business of a tort-feasor. The thought prevails with us that he should face the issue on the merits, entirely without inquiry by him respecting the identity of the recipients of the recovery, if one be obtained.

If there were a problem respecting the distribution of a recovery under the wrongful death statute (for reasons above we think there is no such problem), the solution would be for the public authorities. Such enigma, if there were one, should not inure to the benefit of a tort-feasor. If adjudged guilty, let him pay. Beyond that he should have no concern.

For the reasons set forth we respectfully dissent.