678 S.E.2d 872

**Russell STUYVESANT, Administrator of the Estate of Timothy Daft, Plaintiff Below, Appellant**

v.

**The PRESTON COUNTY COMMISSION, Defendant Below, Appellee.**

No. 34137.

Supreme Court of Appeals of West Virginia.

Submitted March 10, 2009.

Decided June 9, 2009.

S. Sean Murphy, Esq., Murphy Legal Solutions, PLLC, Morgantown, WV, for Appellant.

Boyd L. Warner, Esq., Brandy D. Bell, Esq., Waters, Warner & Harris, PLLC, Clarksburg, WV, for Appellee.

PER CURIAM:

This case is before this Court upon appeal of a final order of the Circuit Court of Preston County entered on November 2, 2007. In that order, the circuit court granted a motion to dismiss in favor of the appellee and defendant below, the Preston County Com-

mission (hereinafter, the "Commission"),[1] finding that the appellant and plaintiff below, Russell Stuyvesant, Administrator of the Estate of Timothy Daft, filed his wrongful death and negligence action against the appellee beyond the statute of limitations period. The circuit court further found that the discovery rule was not applicable under the facts of this case. Based upon the parties' briefs and arguments in this proceeding, as well as the relevant statutory and case law, we are of the opinion that the circuit court did not commit reversible error and accordingly, affirm the decision below.

## I.

### FACTS

On August 3, 2005, twenty-two-year-old Timothy Daft, an inmate of the Preston County Jail, was found hanging by a pillowcase in his jail cell. As a result of the hanging, Mr. Daft died the next day. On August 4, 2005, the Preston County Sheriff's Department informed Mr. Daft's family that he had committed suicide.

On September 15, 2005, Virginia Daft, the decedent's mother, received, by mail, an invoice from Mountaineer Family Care Center (hereinafter, "Mountaineer"). The invoice, dated September 13, 2005, included charges for medical treatment of Mr. Daft on August 2, 2005, the day before his hanging. Ms. Daft maintains that prior to receiving the invoice from Mountaineer, she was unaware that her son had been treated for injuries while an inmate of the Preston County Jail.

Upon receiving the invoice, Ms. Daft and a family friend, Ethel Frederick, contacted Mountaineer and were informed that the charges on the invoice resulted from the removal of stitches from Mr. Daft's head, hand, and neck. The stitches were given to Mr. Daft approximately one week prior to their August 2, 2005, removal by Mountaineer. Ms. Daft and Ms. Frederick then contacted Preston County Sheriff Ron Crites

concerning the invoice. According to Ms. Daft, Sheriff Crites became upset that she had received the invoice and insisted that she bring it to him immediately for handling by the Sheriff's Department. Regarding this same conversation, Ms. Frederick stated that Sheriff Crites told her that Mr. Daft received the stitches from Mountaineer as a result of a fall in the shower at the jail.

Soon thereafter, Ms. Daft informed Russell Stuyvesant, Administrator of the Estate of Timothy Daft, and appellant herein, of the invoice from Mountaineer as well as her subsequent conversation with Sheriff Crites. Upon receiving this information, the appellant, who is also Mr. Daft's brother, asserts that he began to doubt the Sheriff's assurances that Mr. Daft committed suicide. The appellant contends that until the discovery of the invoice, he had no reason to believe the Sheriff had misrepresented or concealed information about Mr. Daft's incarceration and subsequent death.

On August 20, 2007, the appellant filed a complaint in the Circuit Court of Preston County setting forth a cause of action for wrongful death and negligence against the Preston County Commission, by and through the actions and omissions of the Preston County Sheriff's Department employees. On September 5, 2007, the Commission filed its motion to dismiss, arguing that the appellant's complaint was untimely filed pursuant to W.Va.Code § 55–7–6 (2008),[2] which sets forth a two-year statute of limitations for wrongful death actions. On October 4, 2007, the appellant filed a response to the motion to dismiss relying on *Bradshaw v. Soulsby*, 210 W.Va. 682, 558 S.E.2d 681 (2001), arguing that the discovery rule applied to the underlying complaint's allegations and, thus, was timely filed.

On October 11, 2007, the circuit court granted the Commission's motion to dismiss. Thereafter, on November 2, 2007, the circuit court entered an order finding that the statute of limitations for a wrongful death action

---

1. The complaint was filed against the Preston County Commission due to the fact that the Preston County Jail was funded by the Preston County Commission and operated by the Sheriff of Preston County, West Virginia.

2. West Virginia Code § 55–7–6(d), provides, in part, that: "Every such action shall be commenced within two years after the death of such deceased person...."

is two years, that the suit was not filed within the two-year statute of limitations, and that there was not a factual basis for allowing the extension of the statute of limitations. This appeal followed.

## II.

## STANDARD OF REVIEW

■ The sole issue presented for consideration by this appeal is whether the circuit court properly dismissed the appellant's complaint as untimely filed. We have previously held that "[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo.*" Syllabus Point 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.,* 194 W.Va. 770, 461 S.E.2d 516 (1995). Mindful of this standard, we proceed to consider the parties' arguments.

## III.

## DISCUSSION

■ The appellant maintains that his filing of the August 20, 2007, complaint against the Preston County Commission was timely and, therefore, should not have been dismissed by the circuit court. The appellant asserts that, pursuant to the discovery rule, the statute of limitations did not begin to run until September 15, 2005, the date Mr. Daft's family received the invoice from Mountaineer, and not August 4, 2005, the date Mr. Daft died.

In support of his argument, the appellant relies upon *Bradshaw, supra,* wherein a widow, Ms. Bradshaw, sued her husband's physicians for wrongful death. In that case, Mr. Bradshaw died on October 17, 1997, and an autopsy was performed on October 20, 1997, revealing the cause of death to be an overdose of medicine the defendant physicians prescribed to Mr. Bradshaw. Ms. Bradshaw filed a wrongful death action against the physicians on October 20, 1999, two years and three days after Mr. Bradshaw's death. The physicians moved to dismiss the action as untimely. Ms. Bradshaw argued that under the discovery rule, the limitations period did not begin until October 20, 1997, the date she learned the results of the autopsy. She argued that a plaintiff does not have the

ability or an obligation to file a wrongful death action until he or she knows, or by a reasonable diligence should know, that the death was caused by a particular individual's wrongful act. The circuit court granted the physicians' motion to dismiss and Ms. Bradshaw appealed. This Court reversed the circuit court and applied the discovery rule in holding that the statute of limitations began to run on October 20, 1997, the date Ms. Bradshaw learned the results of the autopsy and first discovered that her husband's death might have been caused from a wrongful act, rather than October 17, 1997, the date of her husband's death.

Based upon this Court's holding in *Bradshaw,* the appellant argues that the circuit court incorrectly granted the Commission's motion to dismiss. The appellant maintains that until Mr. Daft's family received the invoice from Mountaineer, coupled with their perception of an evasive reaction by the Preston County Sheriff regarding the invoice, the Daft family had no reason to doubt the Sheriff's assertion that Mr. Daft committed suicide. Moreover, according to the appellant, prior to receiving the invoice, no one in the Daft family was even aware or had been informed that Mr. Daft had been injured in the Preston County Jail prior to his death. Thus, the appellant asserts that it was not until September 15, 2005, that he had any reason to believe that any wrongful act, neglect, default or omission on behalf of the Commission caused or contributed to Mr. Daft's death by hanging and, therefore, his complaint was timely filed.

Conversely, the Commission states that the discovery rule is not applicable to the underlying case. It explains that the appellant was aware of Mr. Daft's death by hanging as soon as the Sheriff contacted the decedent's family on August 4, 2005, yet he waited more than two years, until August 20, 2007, to file the present action. The Commission contends that W.Va.Code § 55–7–6 requires an action for wrongful death to be filed within two years after the date of the death, and nothing from the underlying facts, including the invoice for medical services received by Mr. Daft which was unrelated to his hanging, warranted an extension of the

statute of limitations beyond August 4, 2007. As such, the Commission maintains that the circuit court correctly dismissed the appellant's complaint finding that it was filed beyond the statute of limitations.

This Court has held that, "[g]enerally, a cause of action accrues (i.e., the statute of limitations begins to run) when a tort occurs; under the 'discovery rule,' the statute of limitations is tolled until a claimant knows or by reasonable diligence should know of his claim." Syllabus Point 1, *Cart v. Marcum*, 188 W.Va. 241, 423 S.E.2d 644 (1992). With respect to wrongful death actions, in Syllabus Point 8 of *Bradshaw, supra*, this Court set forth a four-part test to determine when the statute of limitations begins to run in a wrongful death action, holding:

> In a wrongful death action, under the discovery rule, the statute of limitation contained in W.Va.Code, 55–7–6(d) [1992] begins to run when the decedent's representative knows or by the exercise of reasonable diligence should know (1) that the decedent has died; (2) that the death was the result of a wrongful act, neglect, or default; (3) the identity of the person or entity who owed the decedent a duty to act with due care and who may have engaged in conduct that breached that duty; and (4) that the wrongful act, neglect or default of that person or entity has a causal relation to the decedent's death.

As previously discussed, the appellant argues that the discovery rule should be applied because Mr. Daft's family did not learn until September 15, 2005, that Mr. Daft had received medical treatment during the week before he died. It is undisputed, however, that the medical treatment Mr. Daft received was for the removal of stitches that were required as a result of a fall in the shower that occurred one week prior to his death. Moreover, the appellant has not alleged that the injuries suffered by Mr. Daft prior to the hanging, related in any way to his death.

More specifically, as per the fourth part of the *Bradshaw* test, the appellant failed to make even the barest of allegations in his complaint, or in any of his subsequent filings below, "that [a] wrongful act, neglect or default of that person or entity [had] a causal relation to the decedent's death." In that regard, the appellant's complaint did not allege, even upon information and belief, that the Sheriff fraudulently concealed or misrepresented material facts surrounding the death of Mr. Daft. Instead, the appellant states that the discovery of the invoice during the month after Mr. Daft's death, in and of itself, caused the appellant to "doubt the Sheriff's assertion that Mr. Daft committed suicide." Such a broad and disconnected allegation is woefully insufficient to allow for the statute of limitations to be tolled in this case. Had the appellant alleged any causal connection or nexus between his perception of the evasive reaction by the Sheriff in response to questions about the invoice and Mr. Daft's subsequent death by hanging, the result of this case may have been different. However, that is not the situation before this Court. Thus, the circuit court did not commit error in finding that there was no factual basis to permit application of the discovery rule. Accordingly, we affirm the November 2, 2007, order of the circuit court.

## IV.

## CONCLUSION

For the reasons set forth above, the November 2, 2007, order of the Circuit Court of Preston County is affirmed.

Affirmed.