# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs) **No. 14-1098** (Mingo County 95-F-74)

**William Cline,**
**Defendant Below, Petitioner**

**FILED**

June 15, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner William Cline, *pro se*, appeals the Circuit Court of Mingo County's October 10, 2014, order denying his "motion for reconsideration of sentence" made pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure.[1] The State of West Virginia, by counsel Derek Knopp, filed a response in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in prohibiting him from amending his motion for reduction of sentence and denying his motion. Petitioner also argues that his counsel was ineffective and that he received an excessive sentence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 1995, a Mingo County Grand Jury indicted petitioner on various sexual offenses. Following a trial in 1997, the jury convicted petitioner of four counts of second-degree sexual assault, six counts of first-degree sexual abuse, and ten counts of sexual abuse by a parent, guardian, or custodian. In September of 1997, the circuit court sentenced petitioner to a cumulative term of incarceration of 61 to 175 years for his crimes.

In April of 1998, petitioner filed a motion for reduction of sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure.[2] Thereafter, petitioner filed five

---

[1]While the West Virginia Rules of Criminal Procedure do not provide for a motion for reconsideration of sentence, criminal defendants are entitled to seek a reduction of sentence pursuant to Rule 35(b). Accordingly, we will refer to petitioner's "motion for reconsideration of sentence" in this memorandum decision as a motion for reduction of sentence pursuant to Rule 35(b).

[2]This Court refused petitioner's direct appeal by order on June 26, 1998.

1

petitions for writ of habeas corpus from 2001 through 2014.[3] In September of 2014, petitioner filed a motion for leave to amend his previous Rule 35(b) motion (filed on April 6, 1998), to include proof that he participated in rehabilitation programs since he was sentenced. By order entered October 10, 2014, the circuit court denied petitioner's April 6, 1998, motion because it was untimely filed. It is from this order that petitioner appeals.

In regard to motions made pursuant to Rule 35(b), we have previously held that

> "[i]n reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). Upon our review, we find no abuse of discretion in the circuit court's denial of petitioner's Rule 35(b) motion.

On appeal, petitioner alleges four assignments of error. First, petitioner argues that the circuit court erred in prohibiting him from amending his Rule 35(b) motion to include proof that he participated in rehabilitative services pursuant to Rule 15 of the West Virginia Rules of Civil Procedure and our holding in syllabus point three of *Rosier v. Garron, Inc.*, 156 W.Va. 861, 199 S.E.2d 50 (1973).[4] Petitioner's argument ignores the fact that the West Virginia Rules of Civil Procedure do not apply to petitioner's criminal proceeding. Further, petitioner failed to cite to any relevant legal authority requiring the circuit court to allow petitioner to amend his untimely filed Rule 35(b) motion. For these reasons, we find no merit to this issue.

---

[3]The Circuit Court of Mingo County denied petitioner's fifth petition by order entered in August of 2014.

[4]This Court previously held that

> The purpose of the words 'and leave (to amend) shall be freely given when justice so requires' in Rule 15(a) W.Va. R.Civ.P., is to secure an adjudication on the merits of the controversy as would be secured under identical factual situations in the absence of procedural impediments; therefore, motions to amend should always be granted under Rule 15 when: (1) the amendment permits the presentation of the merits of the action; (2) the adverse party is not prejudiced by the sudden assertion of the subject of the amendment; and (3) the adverse party can be given ample opportunity to meet [t]he issue.

Syl. Pt. 3, *Rosier v. Garron, Inc.*, 156 W.Va. 861, 199 S.E.2d 50 (1973), *overruled on other grounds by Bradshaw v. Soulsby*, 210 W.Va. 682, 558 S.E.2d 681 (2001).

Second, while petitioner concedes that his Rule 35(b) motion was untimely filed, he argues that he should not be punished because his counsel failed to timely file his Rule 35(b) motion. To begin, Rule 35(b) of the West Virginia Rules of Criminal Procedure clearly states that a motion for reduction of sentence may be made within 120 days after sentence is imposed. It is undisputed that petitioner failed to meet this deadline. Petitioner did not file his motion until April 6, 1998. Petitioner missed the deadline to file a motion for reduction of sentence by approximately ninety days. Rule 35(b) further states that a motion may be made within "120 days of the entry of an order by the supreme court of appeals dismissing or rejecting a petition for appeal of a judgment of a conviction." This Court rejected petitioner's appeal in June of 1998. The record is clear that petitioner did not file a subsequent Rule 35(b) motion within 120 days after this Court rejected his petition for appeal. For these reasons, the circuit court was correct to deny petitioner's Rule 35(b) motion following the imposition of his sentence by the circuit court.

Third, petitioner argues that his counsel was per se ineffective because she failed to file his Rule 35(b) motion within the appropriate timeframe. This Court has consistently held that claims of ineffective assistance of counsel are more appropriately raised in a petition for writ of habeas corpus. We have also held that:

> Under the provisions of Chapter 53, Article 4A, Code of West Virginia, 1931, as amended, commonly known as 'Post-Conviction Habeas Corpus, 'there is a rebuttable presumption that petitioner intelligently and knowingly waived any contention or ground in fact or law relied on in support of his petition for habeas corpus which he could have advanced on direct appeal but which he failed to so advance.

Syl. Pt. 1, *Ford v. Coiner*, 156 W.Va. 362, 196 S.E.2d 91 (1972). Here, petitioner filed five separate petitions for writ of habeas corpus beginning in 2001 and through 2014 in which he should have raised his claim for ineffective counsel. With regard to subsequent petitions for writs of habeas corpus, we have held that "[a] prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known[.]" Syl. Pt. 4, in part, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981). This Court has also held that "[i]n a habeas corpus proceeding under Chapter 53, Article 4A, Code of West Virginia, 1931, as amended, the burden of proof rests on petitioner to rebut the presumption that he intelligently and knowingly waived any contention or ground for relief which theretofore he could have advanced on direct appeal." Syl. Pt. 2, *Ford v. Coiner*, *Id.* The Court finds that petitioner could have advanced this claim on direct appeal or in his petitions for habeas corpus. Therefore, this issue is deemed waived. Similarly, this Court finds no merit to petitioner's argument that he received a more severe sentence than expected. Petitioner failed to assert this claim in his direct appeal or in his petitions for writ of habeas corpus. Therefore, this issue is deemed waived.

For the foregoing reasons, the circuit court's October 10, 2014, order denying petitioner's motion is hereby affirmed.

Affirmed.

**ISSUED:** June 15, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II